IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| BRITTNEY GOBBLE PHOTOGRAPHY, LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| vs. | § | |
| | § | Case No. _____ |
| KABB LICENSEE, LLC, KOKH LICENSEE, | § | |
| LLC, CHESAPEAKE TELEVISION | § | |
| LICENSEE, LLC, BIRMINGHAM (WABM-TV) | § | |
| LICENSEE, INC., WGME LICENSEE, LLC, | § | |
| WICS LICENSEE, LLC, PORTLAND | § | |
| (WPFO-TV) LICENSEE, INC., WSYX | § | |
| LICENSEE, LLC, and COLUMBUS (WTTE-TV) | § | |
| LICENSEE, INC. | § | |
| | § | |
| *Defendants*. | § | **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Brittney Gobble Photography, LLC ("BGP" or "Plaintiff") brings this action against defendants KABB Licensee, LLC, KOKH Licensee, LLC, Chesapeake Television Licensee, LLC, Birmingham (WABM-TV) Licensee, Inc., WGME Licensee, LLC, WICS Licensee, LLC, Portland (WPFO-TV) Licensee, Inc., WSYX Licensee, LLC and Columbus (WTTE-TV) Licensee, Inc. (collectively "Defendants" and individually "Defendant"). For its causes of action herein, BGP alleges as follows:

**THE PARTIES**

1.      Plaintiff BGP is a limited liability company organized and existing under the laws of the State of Tennessee, and having a principal place of business at 511 Randolph Fridley Road, Sweetwater, Tennessee 37874-6035.

2.      KABB Licensee, LLC ("KABB") is a limited liability company organized and existing under the laws of the State of Maryland, and has designated The Corporation Trust,

Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264 as its registered agent for purposes of service of process.

3.      KOKH Licensee, LLC ("KOKH") is a limited liability company organized and existing under the laws of the State of Maryland, and has designated The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264 as its registered agent for purposes of service of process.

4.      Chesapeake Television Licensee, LLC ("Chesapeake") is a limited liability company organized and existing under the laws of the State of Maryland, and has designated The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264 as its registered agent for purposes of service of process.

5.      Birmingham (WABM-TV) Licensee, Inc. ("WABM") is a corporation organized and existing under the laws of the State of Maryland, and has designated The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264 as its registered agent for purposes of service of process.

6.      WGME Licensee, LLC ("WGME") is a limited liability company organized and existing under the laws of the State of Maryland, and has designated The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264 as its registered agent for purposes of service of process.

7.      WICS Licensee, LLC ("WICS") is a limited liability company organized and existing under the laws of the State of Maryland, and has designated The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264 as its registered agent for purposes of service of process.

8.      Portland (WPFO-TV) Licensee, Inc. ("WPFO") is a corporation organized and existing under the laws of the State of Maryland, and has designated The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264 as its registered agent for purposes of service of process.

9.      WSYX Licensee, LLC ("WSYX") is a limited liability company organized and existing under the laws of the State of Maryland, and has designated The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264 as its registered agent for purposes of service of process.

10.     Columbus (WTTE-TV) Licensee, Inc. ("WTTE") is a corporation organized and existing under the laws of the State of Maryland, and has designated The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264 as its registered agent for purposes of service of process.

### JURISDICTION AND VENUE

11.     This is an action for copyright infringement arising under the provisions of the Copyright Act of 1976, as amended, Title 17, United States Code, §§ 101 *et seq*. ("the Copyright Act"), and falsification of copyright management information arising under the provisions of the Digital Millennium Copyright Act, Title 17, United States Code, §§ 1202-1203 ("DMCA").

12.     Subject-matter jurisdiction over BGP's copyright and DMCA claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

13.     Each Defendant is subject to personal jurisdiction in this district because it was organized and exists under the laws of the State of Maryland.

14.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

### PLAINTIFF'S COPYRIGHTED LYKOI CAT IMAGES

15.     Johnny and Brittney Gobble, husband and wife, have been active leaders in the cat breeding community for a number of years.  Johnny Gobble is a veterinarian.  Brittney Gobble is a professional photographer.  Mrs. Gobble specializes in artistic photography of cats and other pets.  Dr. and Mrs. Gobble were originally involved in breeding Sphynx cats, but more recently have taken the lead in establishing the Lykoi cat – also known as the "werewolf" cat – as a new breed with The International Cat Association (TICA).  Through the Gobble's efforts, the Lykoi breed began as an "Experimental" breed, was elevated to "Preliminary New Breed" status in 2014, was elevated again in 2015 to "Advanced New Breed" status, and achieved full "Championship" status in May 2017.  In 2015, the Gobbles maintained a website at www.lykoikitten.com about the Lykoi breed.

16.     The Gobbles have been involved in the breeding of the vast majority of Lykoi cats in existence.  Mrs. Gobble is the author of the vast majority of professional photographs of Lykoi cats.  Her Lykoi images are highly unique and creative, and indicative of her high level of skill as a professional photographer.  By virtue of Dr. Gobble's expertise as a veterinarian with the Lykoi breed and Mrs. Gobble being the exclusive source of the best professional images of the Lykoi breed, coupled with their collective experience in developing and establishing the Lykoi breed, the Gobbles are routinely contacted by writers and bloggers requesting Mrs. Gobble's images and commentary from Dr. Gobble for use with an article about the Lykoi breed.  The Gobbles receive many of these requests around the Halloween season.  The Gobbles have provided commentary and Lykoi images in response to many of these requests, all at no charge.  They do not allow the recipients to distribute the images, and require that credit for the images be given to Brittney Gobble.  This lawsuit is based on a number of copyrighted images of Lykoi cats that were authored

by Brittney Gobble, and then wrongfully distributed by WENN Limited and USA Entertainment News, Inc., d/b/a "WENN" and "World Entertainment News Network" (collectively "WENN") with false credit for the images to WENN.  The infringing images that Defendants reproduced and displayed on their websites as explained below were received through WENN's unauthorized distribution of the images.

17.   Brittney Gobble is the original author and creator of each of the following photographic images:

a.   Image W-1nm.jpg (hereinafter "Image 1"):



**b.**   Image Lykoi1-nm.jpg (hereinafter "Image 2"):



**c.**   Image Lykoi2-nm.jpg (hereinafter "Image 3"):



**d.**  Image outside2.jpg (hereinafter "Image 4"):



**e.**  Image outside1.jpg (hereinafter "Image 5"):



**f.**   Image outside.jpg (hereinafter "Image 6"):



**g.**   Image _DSC9647.jpg (hereinafter "Image 7"):



**h.** Image Lykoi-nm (3).jpg (hereinafter "Image 8"):



**i.** Image red-1nm (3).jpg (hereinafter "Image 9"):



**j.** Image LykoiBrothers.jpg (hereinafter "Image 10"):



**k.** Image Lykoi-3nm (2).jpg (hereinafter "Image 11"):



**l.**   Image Lykoi-6nm.jpg (hereinafter "Image 12"):



**m.** Image _DSC9578.jpg (hereinafter "Image 13"):



**n.**   Image _DSC7026.jpg (hereinafter "Image 14"):



**o.**   Image _DSC9636.jpg (hereinafter "Image 15"):



**p.** Image Monster-nm.jpg (hereinafter "Image 16"):



**q.** Image lykoi-1nm.jpg (hereinafter "Image 17"):



**r.** Image Ly-4nm (3).jpg (hereinafter "Image 18"):



**s.** Image kits-nm.jpg (hereinafter "Image 19"):



**t.**   Image girls-nm.jpg (hereinafter "Image 20"):



**u.**   Image _DSC3799.NEF (hereinafter "Image 21"):



**v.** Image _DSC9420.jpg (hereinafter "Image 22"):



**w.** Image w-2nm.jpg (hereinafter "Image 23"):



**x.**   Image WOLF-NM.jpg (hereinafter "Image 24"):



**y.**   Image wagon-nm.jpg (hereinafter "Image 25"):



**z.** Image agwang-nm.jpg (hereinafter "Image 26"):



**aa.** Image show-56nm.jpg (hereinafter "Image 27"):



**bb.** Image Schiff-nm.jpg (hereinafter "Image 28"):



**cc.** Image RR-3nm.jpg (hereinafter "Image 29"):



**dd.** Image V-1nm.jpg (hereinafter "Image 30"):



**ee.** Image agw-1nm.jpg (hereinafter "Image 31"):



**ff.** Image TG-1nm.jpg (hereinafter "Image 32"):



**gg.** Image lykoi-2nm.jpg (hereinafter "Image 33"):



**hh.** Image _DSC9665.jpg (hereinafter "Image 34"):



**ii.** Image Dinner2.jpg (hereinafter "Image 35"):



**jj.** Image wolfie-1nm.jpg (hereinafter "Image 36"):



**kk.** Image V-2nm.jpg (hereinafter "Image 37"):



**ll.** Image Lykoi-Headnm.jpg (hereinafter "Image 38"):



**mm.** Image Show6-nm (2).jpg (hereinafter "Image 39"):



**nn.** Image Forest-nm.jpg (hereinafter "Image 40"):



**oo.** Image M-2nm.jpg (hereinafter "Image 41"):



**pp.** Image Ly-nm.jpg (hereinafter "Image 42"):



**qq.** Image Show-4nm (2).jpg (hereinafter "Image 43"):



**rr.** Image Show14-nm.jpg (hereinafter "Image 44"):



**ss.** Image RR-1nm.jpg (hereinafter "Image 45"):



**tt.** Image Honi-2nm.jpg (hereinafter "Image 46"):



**uu.** Image Lykoi-HiRes.jpg (hereinafter "Image 47"):



**vv.** Image AG-nm.jpg (hereinafter "Image 48"):



**ww.** Image V-3nm.jpg (hereinafter "Image 49"):



**xx.** Image Babies-nm (2).jpg (hereinafter "Image 50"):



**yy.** Image Lykoi-n.jpg (hereinafter "Image 51"):



**zz.** Image Dinner1.jpg (hereinafter "Image 52"):



**aaa.** Image Honi-3nm.jpg (hereinafter "Image 53"):



**bbb.**   Image Lykoi-4nm.jpg (hereinafter "Image 54"):



**ccc.**   Image Lykoi-5nm (2).jpg (hereinafter "Image 55"):



**18.**     Each of Images 1-55 shown above (collectively "the Images") is an original work of authorship fixed in a tangible medium of expression from which it can be perceived, reproduced, displayed or otherwise communicated, either directly or with the aid of a machine or device.

**19.**     Each of the Images shown above is a separate and independent work of authorship in the form of a photographic image that comprises copyrightable subject matter protectable under the Copyright Act.

**20.**     Each of the Images shown above includes numerous original elements, including but not limited to posing of the cats, lighting, camera settings and angle, and unique props and background.

**21.**     The copyrights in each of Images 1-55 shown above except for Image 26 (collectively "the Registered Images") have been registered with the United States Copyright Office in compliance with all Copyright Office requirements under four copyright registrations, namely:  United States Copyright Registration Nos. VA 1-976-214 entitled "Lykoi 2015 Images" (hereinafter "the '214 Registration"), VA 1-987-108 entitled "Lykoi Images 2014" (hereinafter "the '108 Registration"), VA 2-031-115 entitled "Group Registration Photos, Brittney Gobble 2014 Images, published March 17, 2014 to October 2, 2014, 4 photos" (hereinafter "the '115 Registration") and VA 2-031-117 entitled "Gobble Image 2015" (hereinafter "the '117 Registration").  A true and correct copy of the '214 Registration is attached hereto as Exhibit 1 and fully incorporated herein by reference.  A true and correct copy of the '108 Registration is attached hereto as Exhibit 2 and fully incorporated herein by reference.  A true and correct copy of the '115 Registration is attached hereto as Exhibit 3 and fully incorporated herein by reference. A true and correct copy of the '117 Registration is attached hereto as Exhibit 4 and fully incorporated herein by reference.

**22.**     The Effective Registration Date of each of the '214 Registration, the '108 Registration, the '115 Registration and the '117 Registration is October 30, 2015.

**23.**     All of the copyright infringement alleged in this action occurred after October 30, 2015.

**24.**     Attached hereto as Exhibit 5 is a true and correct copy of the deposit material for the '214 application. Attached hereto as Exhibit 6 is a true and correct copy of the deposit material for the '214 application that has been annotated with red boxes placed around each of the Images at issue in this action, and with each such Image designated by its Image number as identified above.

**25.**     Attached hereto as Exhibit 7 is a true and correct copy of the deposit material for the '108 application. Attached hereto as Exhibit 8 is a true and correct copy of the deposit material for the '108 application that has been annotated with red boxes placed around each of the Images at issue in this action, and with each such Image designated by its Image number as identified above.

**26.**     Attached hereto as Exhibit 9 is a table with a thumbnail of each Image identified above (sorted by Image number) and its corresponding Registration number.

**27.**     The copyrights in 13 of Images 1-55 (namely, Images 4, 5, 6, 17, 20, 21, 27, 31, 33, 35, 36, 42, 52) are registered under the '214 Registration.

**28.**     The copyrights in 38 of Images 1-55 (namely, Images 1, 2, 3, 7, 8, 10, 11, 12, 13, 14, 15, 16, 18, 22, 23, 24, 25, 28, 29, 30, 32, 34, 37, 38, 39, 41, 43, 44, 45, 46, 47, 48, 49, 50, 51, 53, 54, 55) are registered under the '108 Registration.

**29.**     The copyrights in two of Images 1-55 (namely, Images 19 and 40) are registered under the '115 Registration.

**30.**     The copyrights in one of Images 1-55 (namely, Image 9) is registered under the '117 Registration.

**31.**     Plaintiff BGP is the owner by assignment from Mrs. Gobble of all right, title and interest in and to the '214, '108, '115 and '117 Registrations and the copyrights in Images 1-55 and related causes of action, including but not limited to the right to sue and recover for all past, present and future infringement of the copyrights and Registrations.

### WENN's Infringing Distribution

**32.**     On or about November 2, 2015, Clare Penn sent an email on behalf of WENN to the email address (lykoicats@gmail.com) listed on the "Contacts" page of the www.lykoikitten.com website.  A true and correct copy of Ms. Penn's November 2, 2015 email is attached hereto as Exhibit 10.  In the email, Ms. Penn requested on behalf of WENN a selection of hi-res images of the Lykoi breed to accompany editorial text for a feature/news item regarding the Lykoi breed of cats.

**33.**     On the evening of November 2, 2015, Dr. Gobble responded to Ms. Penn's email.  A true and correct copy of Dr. Gobble's responsive email is attached hereto as Exhibit 11.  In his responsive email, Dr. Gobble included a link to a Dropbox folder (hereinafter "the Dropbox folder") containing 55 copyrighted images of Lykoi cats that were authored and created by Mrs. Gobble, including Images 1-55; the versions of Images 7, 13, 14, 15, 21, 22, 34 that were included in the Dropbox folder were edited versions of Images 7, 13, 14, 15, 21, 22, 34, whereas all other images in the Dropbox folder were identical to the corresponding Images.

34.     The versions of Images 7, 13, 14, 15, 21, 22, 34 that were included in the Dropbox folder are as follows:

a.      Version of Image 7 in the Dropbox folder:



b.      Version of Image 13 in the Dropbox folder:



c.      Version of Image 14 in the Dropbox folder:



d.      Version of Image 15 in the Dropbox folder:



e.      Version of Image 21 in the Dropbox folder:



f.      Version of Image 22 in the Dropbox folder:



**g.**     Version of Image 34 in the Dropbox folder:



35.     Dr. Gobble's November 2, 2015 response email (Exhibit 11) expressly advised that WENN did not have permission to distribute the images from the Dropbox folder.

36.     Dr. Gobble's November 2, 2015 response email (Exhibit 11) requested that WENN attribute credit for the images to "Brittney Gobble."

37.     Upon information and belief, after WENN received Dr. Gobble's November 2, 2015 email (Exhibit 11), WENN downloaded each of the 55 images from the Dropbox folder, gave each of the images new filenames that included the name "WENN," and distributed the images to numerous of its customers, including Sinclair Broadcast Group, Inc. ("Sinclair") and to many of Sinclair's radio and television stations, including Defendants.

**38.** Each of the Defendants received the images that they reproduced and displayed on their websites within the United States as described below, including with false credit for the images to WENN, as a result of WENN's infringing distribution as described above.

**39.** On or about November 12, 2015, Mrs. Gobble discovered that WENN had distributed her copyrighted images without permission or license, thereby infringing on her copyrights. Thereafter, the Gobbles gave WENN notice of its copyright infringement, and demanded that WENN cease and desist its infringement, and compensate Mrs. Gobble for WENN's unauthorized distribution of her copyrighted images.

**40.** Upon information and belief, on or about November 13, 2015, WENN sent a kill notice to those who had received the images from the Dropbox folder, including but not limited to Sinclair, which advised them of the dispute and requested that the images be killed and withdrawn. Upon information and belief, each Defendant had actual or constructive notice of the kill notice.

**41.** Each Defendant modified the credit on some but not all of the images from just WENN or WENN.com to also include "Brittney Gobble Photography" (*e.g.*, "Photo Credit: Brittney Gobble Photography via WENN.com," further discussed below).

**42.** Proper credit would have been to Brittney Gobble without any reference to WENN or WENN.com.

**43.** Each Defendant continued to display the infringing images on their websites from early November 2015 until at least October/November 2017, as further described below. The images that Defendants reproduced and displayed on their websites as alleged below were reproduced and displayed within the United States without authority or permission from Mrs. Gobble or BGP. Defendants committed numerous acts of infringement of the copyrights owned by BGP within the United States.

40

44.     Each of the articles, thumbnails, and images attached hereto, including the false credit to WENN or WENN.com for the images, was accessible from computers within the United States and was viewed, reproduced and displayed by viewers of, and provided to viewers of, Defendants' websites within the United States.

45.     As each Defendant's infringing conduct began after November 2, 2015, this Complaint was filed within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

46.     Neither Mrs. Gobble nor BGP authorized any Defendant to reproduce or display any of the images at issue in this lawsuit.

**KABB**

47.     After November 2, 2015, KABB reproduced and displayed, without license or permission, at least 51 of BGP's copyrighted images on its www.foxsanantonio.com website.  The copyrights for 50 of those 51 images are registered under the '214, '108, '115 and '117 Registrations.  KABB is charged with direct copyright infringement with respect to those 50 images, which are identified in detail below.

48.     Attached hereto as Exhibit 12 is a true and correct copy of a number of screen shots taken in November 2017 from the web site identified in the preceding paragraph, the first page of which is the beginning of an article about the Lykoi cat breed dated November 9, 2015.  Five of BGP's copyrighted images are reproduced and displayed on the first page of Exhibit 12, namely Images 1, 2, 3, 4 and 24.  Upon clicking the "View Photo Gallery, 51 photos" link on that page, another page was displayed showing 51 thumbnails corresponding to Images 1-51.  Upon clicking each of those thumbnails, an enlarged view of the corresponding image was displayed on the screen.  Each of those 51 enlarged views is included as part of Exhibit 12.

49.     The enlarged views are copies of Images 1-51, with the understanding that the versions of Images 7, 13, 14, 15, 21, 22 and 34 are edited versions as explained above.  Fifty of the 51 images are Registered Images, *i.e.*, Images 1-25 and 27-51 (Image 26 is not registered). KABB is liable for direct copyright infringement with respect to these 50 Registered Images.  BGP is entitled at least to statutory or actual damages for KABB's infringement.

50.     BGP is entitled to an award of statutory damages against KABB of at least $750 for each of the 50 Registered Images that KABB copied (*i.e.*, at least $37,500), and up to a maximum of $150,000 for each of the 50 Registered Images that KABB copied (*i.e.*, up to $7,500,000) if the infringement is found to be willful based, for example, upon continued infringement after becoming aware of the alleged infringement and/or continued credit to WENN.com for the images and failure to properly credit the images only to Brittney Gobble.

51.     Alternatively, BGP is entitled to an award of actual damages against KABB of at least $850 with respect to each of the 50 Registered Images that KABB copied.  KABB copied all 50 of the Registered Images twice (once in the thumbnail of 51 images and once in the enlarged views of each thumbnail) and also copied five of the Registered Images a third time, at the beginning of the article, for a total of 105 copies.  As such, BGP is entitled to an award of actual damages against KABB of at least $89,250.

52.     Upon information and belief, at the time KABB initially reproduced and displayed the Registered Images on its above-identified website, it credited only WENN or WENN.com for the images.  Upon information and belief, at some point thereafter, KABB became aware of Mrs. Gobble's dispute with WENN about the images and/or false credit, and changed the credit on some but not all of the images from just WENN or WENN.com to also include "Brittney Gobble Photography" (*e.g.*, "Photo Credit: Brittney Gobble Photography via WENN.com") as shown for

example in the enlarged versions of the images attached as Exhibit 12.  Those enlarged versions also show continued credit on some of the images to only WENN.com.  It was false to credit the images to WENN.com alone or in combination with Brittney Gobble Photography.  Upon information and belief, KABB provided, distributed and/or imported this false credit with the intent to induce, enable, facilitate or conceal infringement in violation of 17 U.S.C. § 1202(a).

53.     BGP is entitled to an award of statutory damages of at least $2,500 and up to $25,000 for each instance of KABB's falsification of copyright management information (*i.e.*, false credit of the images) pursuant to 17 U.S.C. § 1203(c)(3)(B).  KABB committed at least 52 false credit violations (51 on each of the enlarged images and once beneath the caption for Image 24 at the beginning of the article).  As such, BGP is entitled to an award of statutory CMI damages against KABB of at least $130,000 and up to $1,300,000.

## KOKH

54.     After November 2, 2015, KOKH reproduced and displayed, without license or permission, at least 51 of BGP's copyrighted images on its www.okcfox.com website.  The copyrights for 50 of those 51 images are registered under the '214, '108, '115 and '117 Registrations.  KOKH is charged with direct copyright infringement with respect to those 50 images, which are identified in detail below.

55.     Attached hereto as Exhibit 13 is a true and correct copy of a number of screen shots taken in October 2017 from the web site identified in the preceding paragraph, the first page of which is the beginning of an article about the Lykoi cat breed dated November 10, 2015.  Five of BGP's copyrighted images are reproduced and displayed on the first page of Exhibit 13, namely Images 1, 2, 3, 4 and 24.  Upon clicking the "View Photo Gallery, 51 photos" link on that page, another page was displayed showing 51 thumbnails corresponding to Images 1-51.  Upon clicking

each of those thumbnails, an enlarged view of the corresponding image was displayed on the screen. Each of those 51 enlarged views is included as part of Exhibit 13.

56.     The enlarged views are copies of Images 1-51, with the understanding that the versions of Images 7, 13, 14, 15, 21, 22 and 34 are edited versions as explained above. Fifty of the 51 images are Registered Images, *i.e.*, Images 1-25 and 27-51 (Image 26 is not registered). KOKH is liable for direct copyright infringement with respect to these 50 Registered Images. BGP is entitled at least to statutory or actual damages for KOKH's infringement.

57.     BGP is entitled to an award of statutory damages against KOKH of at least $750 for each of the 50 Registered Images that KOKH copied (*i.e.*, at least $37,500), and up to a maximum of $150,000 for each of the 50 Registered Images that KOKH copied (*i.e.*, up to $7,500,000) if the infringement is found to be willful based, for example, upon continued infringement after becoming aware of the alleged infringement and/or continued credit to WENN.com for the images and failure to properly credit the images only to Brittney Gobble.

58.     Alternatively, BGP is entitled to an award of actual damages against KOKH of at least $850 with respect to each of the 50 Registered Images that KOKH copied. KOKH copied all 50 of the Registered Images twice (once in the thumbnail of 51 images and once in the enlarged views of each thumbnail) and also copied five of the Registered Images a third time, at the beginning of the article, for a total of 105 copies. As such, BGP is entitled to an award of actual damages against KOKH of at least $89,250.

59.     Upon information and belief, at the time KOKH initially reproduced and displayed the Registered Images on its above-identified website, it credited only WENN or WENN.com for the images. Upon information and belief, at some point thereafter, KOKH became aware of Mrs. Gobble's dispute with WENN about the images and/or false credit, and changed the credit on some

but not all of the images from just WENN or WENN.com to also include "Brittney Gobble Photography" (*e.g.*, "Photo Credit: Brittney Gobble Photography via WENN.com") as shown for example in the enlarged versions of the images attached as Exhibit 13. Those enlarged versions also show continued credit on some of the images to only WENN.com. It was false to credit the images to WENN.com alone or in combination with Brittney Gobble Photography. Upon information and belief, KOKH provided, distributed and/or imported this false credit with the intent to induce, enable, facilitate or conceal infringement in violation of 17 U.S.C. § 1202(a).

60.     BGP is entitled to an award of statutory damages of at least $2,500 and up to $25,000 for each instance of KOKH's falsification of copyright management information (*i.e.*, false credit of the images) pursuant to 17 U.S.C. § 1203(c)(3)(B). KOKH committed at least 52 false credit violations (51 on each of the enlarged images and once beneath the caption for Image 24 at the beginning of the article). As such, BGP is entitled to an award of statutory CMI damages against KOKH of at least $130,000 and up to $1,300,000.

## WBFF/CHESAPEAKE

61.     After November 2, 2015, Chesapeake reproduced and displayed, without license or permission, at least 51 of BGP's copyrighted images on its www.foxbaltimore.com website. The copyrights for 50 of those 51 images are registered under the '214, '108, '115 and '117 Registrations. Chesapeake is charged with direct copyright infringement with respect to those 50 images, which are identified in detail below.

62.     Attached hereto as Exhibit 14 is a true and correct copy of a number of screen shots taken in October 2017 from the web site identified in the preceding paragraph, the first page of which is the beginning of an article about the Lykoi cat breed dated November 9, 2015. Five of BGP's copyrighted images are reproduced and displayed on the first page of Exhibit 14, namely

Images 1, 2, 3, 4 and 24.  Upon clicking the "View Photo Gallery, 51 photos" link on that page, another page was displayed showing 51 thumbnails corresponding to Images 1-51.  Upon clicking each of those thumbnails, an enlarged view of the corresponding image was displayed on the screen.  Each of those 51 enlarged views is included as part of Exhibit 14.

63.     The enlarged views are copies of Images 1-51, with the understanding that the versions of Images 7, 13, 14, 15, 21, 22 and 34 are edited versions as explained above.  Fifty of the 51 images are Registered Images, *i.e.*, Images 1-25 and 27-51 (Image 26 is not registered).  Chesapeake is liable for direct copyright infringement with respect to these 50 Registered Images.  BGP is entitled at least to statutory or actual damages for Chesapeake's infringement.

64.     BGP is entitled to an award of statutory damages against Chesapeake of at least $750 for each of the 50 Registered Images that Chesapeake copied (*i.e.*, at least $37,500), and up to a maximum of $150,000 for each of the 50 Registered Images that Chesapeake copied (*i.e.*, up to $7,500,000) if the infringement is found to be willful based, for example, upon continued infringement after becoming aware of the alleged infringement and/or continued credit to WENN.com for the images and failure to properly credit the images only to Brittney Gobble.

65.     Alternatively, BGP is entitled to an award of actual damages against Chesapeake of at least $850 with respect to each of the 50 Registered Images that Chesapeake copied.  Chesapeake copied all 50 of the Registered Images twice (once in the thumbnail of 51 images and once in the enlarged views of each thumbnail) and also copied five of the Registered Images a third time, at the beginning of the article, for a total of 105 copies.  As such, BGP is entitled to an award of actual damages against Chesapeake of at least $89,250.

66.     Upon information and belief, at the time Chesapeake initially reproduced and displayed the Registered Images on its above-identified website, it credited only WENN or

WENN.com for the images.  Upon information and belief, at some point thereafter, Chesapeake became aware of Mrs. Gobble's dispute with WENN about the images and/or false credit, and changed the credit on some but not all of the images from just WENN or WENN.com to also include "Brittney Gobble Photography" (*e.g.*, "Photo Credit: Brittney Gobble Photography via WENN.com") as shown for example in the enlarged versions of the images attached as Exhibit 14. Those enlarged versions also show continued credit on some of the images to only WENN.com. It was false to credit the images to WENN.com alone or in combination with Brittney Gobble Photography.  Upon information and belief, Chesapeake provided, distributed and/or imported this false credit with the intent to induce, enable, facilitate or conceal infringement in violation of 17 U.S.C. § 1202(a).

67.     BGP is entitled to an award of statutory damages of at least $2,500 and up to $25,000 for each instance of Chesapeake's falsification of copyright management information (*i.e.*, false credit of the images) pursuant to 17 U.S.C. § 1203(c)(3)(B).  Chesapeake committed at least 52 false credit violations (51 on each of the enlarged images and once beneath the caption for Image 24 at the beginning of the article).  As such, BGP is entitled to an award of statutory CMI damages against Chesapeake of at least $130,000 and up to $1,300,000.

**WABM**

68.     Upon information and belief, after November 2, 2015, WABM reproduced and displayed, without license or permission, at least 51 of BGP's copyrighted images on its www.abc3340.com website.  The copyrights for 50 of those 51 images are registered under the '214, '108, '115 and '117 Registrations.  WABM is charged with direct copyright infringement with respect to those 50 images, which are identified in detail below.

69.     Attached hereto as Exhibit 15 is a true and correct copy of an article dated November 9, 2015 about the Lykoi cat breed printed from the web site identified in the preceding paragraph, the first page of which is the beginning of an article about the Lykoi cat breed dated November 9, 2015.  Four of BGP's copyrighted images are reproduced and displayed on the first page of Exhibit 15, namely Images 1, 2, 3 and 24.  The article appears to be the same as the other articles discussed above and shown in the Exhibits discussed above.  Efforts to click on the links and display the thumbnails and individual images as discussed above for the other articles and Exhibits have been unsuccessful.  It is assumed, however, on information and belief, that at some point in time it would have been possible to capture from the www.abc3340.com website the same screen shots shown in the Exhibits for the other stations and websites discussed above.  Accordingly, upon information and belief, WABM is liable for direct copyright infringement with respect to the same 50 Registered Images as discussed above for the other stations, and BGP is entitled at least to statutory or actual damages for WABM's infringement.  The following allegations with respect to WABM are accordingly alleged upon information and belief.

70.     BGP is entitled to an award of statutory damages against WABM of at least $750 for each of the 50 Registered Images that WABM copied (*i.e.*, at least $37,500), and up to a maximum of $150,000 for each of the 50 Registered Images that WABM copied (*i.e.*, up to $7,500,000) if the infringement is found to be willful based, for example, upon continued infringement after becoming aware of the alleged infringement and/or continued credit to WENN.com for the images and failure to properly credit the images only to Brittney Gobble.

71.     Alternatively, BGP is entitled to an award of actual damages against WABM of at least $850 with respect to each of the 50 Registered Images that WABM copied.  WABM copied all 50 of the Registered Images twice (once in the thumbnail of 51 images and once in the enlarged

views of each thumbnail) and also copied five of the Registered Images a third time, at the beginning of the article, for a total of 105 copies.  As such, BGP is entitled to an award of actual damages against WABM of at least $89,250.

72.     Upon information and belief, at the time WABM initially reproduced and displayed the Registered Images on its above-identified website, it credited only WENN or WENN.com for the images.  Upon information and belief, at some point thereafter, WABM became aware of Mrs. Gobble's dispute with WENN about the images and/or false credit, and changed the credit on some but not all of the images from just WENN or WENN.com to also include "Brittney Gobble Photography" (*e.g.*, "Photo Credit: Brittney Gobble Photography via WENN.com").  It was false to credit the images to WENN.com alone or in combination with Brittney Gobble Photography. Upon information and belief, WABM provided, distributed and/or imported this false credit with the intent to induce, enable, facilitate or conceal infringement in violation of 17 U.S.C. § 1202(a).

73.     BGP is entitled to an award of statutory damages of at least $2,500 and up to $25,000 for each instance of WABM's falsification of copyright management information (*i.e.*, false credit of the images) pursuant to 17 U.S.C. § 1203(c)(3)(B).  WABM committed at least 52 false credit violations (51 on each of the enlarged images and once beneath the caption for Image 24 at the beginning of the article).  As such, BGP is entitled to an award of statutory CMI damages against WABM of at least $130,000 and up to $1,300,000.

**WGME**

74.     After November 2, 2015, WGME reproduced and displayed, without license or permission, at least 51 of BGP's copyrighted images on its www.wgme.com website.  The copyrights for 50 of those 51 images are registered under the '214, '108, '115 and '117

Registrations.  WGME is charged with direct copyright infringement with respect to those 50 images, which are identified in detail below.

75.     Attached hereto as Exhibit 16 is a true and correct copy of a number of screen shots taken in October 2017 from the web site identified in the preceding paragraph, the first page of which is the beginning of an article about the Lykoi cat breed dated November 9, 2015.  Five of BGP's copyrighted images are reproduced and displayed on the first page of Exhibit 16, namely Images 1, 2, 3, 4 and 24.  Upon clicking the "View Photo Gallery, 51 photos" link on that page, another page was displayed showing 51 thumbnails corresponding to Images 1-51.  Upon clicking each of those thumbnails, an enlarged view of the corresponding image was displayed on the screen.  Each of those 51 enlarged views is included as part of Exhibit 16.

76.     The enlarged views are copies of Images 1-51, with the understanding that the versions of Images 7, 13, 14, 15, 21, 22 and 34 are edited versions as explained above.  Fifty of the 51 images are Registered Images, *i.e.*, Images 1-25 and 27-51 (Image 26 is not registered).  WGME is liable for direct copyright infringement with respect to these 50 Registered Images.  BGP is entitled at least to statutory or actual damages for WGME's infringement.

77.     BGP is entitled to an award of statutory damages against WGME of at least $750 for each of the 50 Registered Images that WGME copied (*i.e.*, at least $37,500), and up to a maximum of $150,000 for each of the 50 Registered Images that WGME copied (*i.e.*, up to $7,500,000) if the infringement is found to be willful based, for example, upon continued infringement after becoming aware of the alleged infringement and/or continued credit to WENN.com for the images and failure to properly credit the images only to Brittney Gobble.

78.     Alternatively, BGP is entitled to an award of actual damages against WGME of at least $850 with respect to each of the 50 Registered Images that WGME copied.  WGME copied

all 50 of the Registered Images twice (once in the thumbnail of 51 images and once in the enlarged views of each thumbnail) and also copied five of the Registered Images a third time, at the beginning of the article, for a total of 105 copies. As such, BGP is entitled to an award of actual damages against WGME of at least $89,250.

79.     Upon information and belief, at the time WGME initially reproduced and displayed the Registered Images on its above-identified website, it credited only WENN or WENN.com for the images. Upon information and belief, at some point thereafter, WGME became aware of Mrs. Gobble's dispute with WENN about the images and/or false credit, and changed the credit on some but not all of the images from just WENN or WENN.com to also include "Brittney Gobble Photography" (*e.g.*, "Photo Credit: Brittney Gobble Photography via WENN.com") as shown for example in the enlarged versions of the images attached as Exhibit 16. Those enlarged versions also show continued credit on some of the images to only WENN.com. It was false to credit the images to WENN.com alone or in combination with Brittney Gobble Photography. Upon information and belief, WGME provided, distributed and/or imported this false credit with the intent to induce, enable, facilitate or conceal infringement in violation of 17 U.S.C. § 1202(a).

80.     BGP is entitled to an award of statutory damages of at least $2,500 and up to $25,000 for each instance of WGME's falsification of copyright management information (*i.e.*, false credit of the images) pursuant to 17 U.S.C. § 1203(c)(3)(B). WGME committed at least 52 false credit violations (51 on each of the enlarged images and once beneath the caption for Image 24 at the beginning of the article). As such, BGP is entitled to an award of statutory CMI damages against WGME of at least $130,000 and up to $1,300,000.

**WICS**

**81.** After November 2, 2015, WICS reproduced and displayed, without license or permission, at least 51 of BGP's copyrighted images on its www.newschannel20.com website. The copyrights for 50 of those 51 images are registered under the '214, '108, '115 and '117 Registrations. WICS is charged with direct copyright infringement with respect to those 50 images, which are identified in detail below.

**82.** Attached hereto as Exhibit 17 is a true and correct copy of a number of screen shots taken in November 2017 from the web site identified in the preceding paragraph, the first page of which is the beginning of an article about the Lykoi cat breed dated November 9, 2015. Five of BGP's copyrighted images are reproduced and displayed on the first page of Exhibit 17, namely Images 1, 2, 3, 4 and 24. Upon clicking the "View Photo Gallery, 51 photos" link on that page, another page was displayed showing 51 thumbnails corresponding to Images 1-51. Upon clicking each of those thumbnails, an enlarged view of the corresponding image was displayed on the screen. Each of those 51 enlarged views is included as part of Exhibit 17.

**83.** The enlarged views are copies of Images 1-51, with the understanding that the versions of Images 7, 13, 14, 15, 21, 22 and 34 are edited versions as explained above. Fifty of the 51 images are Registered Images, *i.e.*, Images 1-25 and 27-51 (Image 26 is not registered). WICS is liable for direct copyright infringement with respect to these 50 Registered Images. BGP is entitled at least to statutory or actual damages for WICS's infringement.

**84.** BGP is entitled to an award of statutory damages against WICS of at least $750 for each of the 50 Registered Images that WICS copied (*i.e.*, at least $37,500), and up to a maximum of $150,000 for each of the 50 Registered Images that WICS copied (*i.e.*, up to $7,500,000) if the infringement is found to be willful based, for example, upon continued infringement after

becoming aware of the alleged infringement and/or continued credit to WENN.com for the images and failure to properly credit the images only to Brittney Gobble.

85.     Alternatively, BGP is entitled to an award of actual damages against WICS of at least $850 with respect to each of the 50 Registered Images that WICS copied.  WICS copied all 50 of the Registered Images twice (once in the thumbnail of 51 images and once in the enlarged views of each thumbnail) and also copied five of the Registered Images a third time, at the beginning of the article, for a total of 105 copies.  As such, BGP is entitled to an award of actual damages against WICS of at least $89,250.

86.     Upon information and belief, at the time WICS initially reproduced and displayed the Registered Images on its above-identified website, it credited only WENN or WENN.com for the images.  Upon information and belief, at some point thereafter, WICS became aware of Mrs. Gobble's dispute with WENN about the images and/or false credit, and changed the credit on some but not all of the images from just WENN or WENN.com to also include "Brittney Gobble Photography" (*e.g.*, "Photo Credit: Brittney Gobble Photography via WENN.com") as shown for example in the enlarged versions of the images attached as Exhibit 17.  Those enlarged versions also show continued credit on some of the images to only WENN.com.  It was false to credit the images to WENN.com alone or in combination with Brittney Gobble Photography.  Upon information and belief, WICS provided, distributed and/or imported this false credit with the intent to induce, enable, facilitate or conceal infringement in violation of 17 U.S.C. § 1202(a).

87.     BGP is entitled to an award of statutory damages of at least $2,500 and up to $25,000 for each instance of WICS's falsification of copyright management information (*i.e.*, false credit of the images) pursuant to 17 U.S.C. § 1203(c)(3)(B).  WICS committed at least 52 false credit violations (51 on each of the enlarged images and once beneath the caption for Image 24 at

the beginning of the article).  As such, BGP is entitled to an award of statutory CMI damages against WICS of at least $130,000 and up to $1,300,000.

## WPFO

88.    After November 2, 2015, WPFO reproduced and displayed, without license or permission, at least 51 of BGP's copyrighted images on its www.fox23maine.com website.  The copyrights for 50 of those 51 images are registered under the '214, '108, '115 and '117 Registrations.  WPFO is charged with direct copyright infringement with respect to those 50 images, which are identified in detail below.

89.    Attached hereto as Exhibit 18 is a true and correct copy of a number of screen shots taken in November 2017 from the web site identified in the preceding paragraph, the first page of which is the beginning of an article about the Lykoi cat breed dated November 9, 2015.  Five of BGP's copyrighted images are reproduced and displayed on the first page of Exhibit 18, namely Images 1, 2, 3, 4 and 24.  Upon clicking the "View Photo Gallery, 51 photos" link on that page, another page was displayed showing 51 thumbnails corresponding to Images 1-51.  Upon clicking each of those thumbnails, an enlarged view of the corresponding image was displayed on the screen.  Each of those 51 enlarged views is included as part of Exhibit 18.

90.    The enlarged views are copies of Images 1-51, with the understanding that the versions of Images 7, 13, 14, 15, 21, 22 and 34 are edited versions as explained above.  Fifty of the 51 images are Registered Images, *i.e.*, Images 1-25 and 27-51 (Image 26 is not registered).  WPFO is liable for direct copyright infringement with respect to these 50 Registered Images.  BGP is entitled at least to statutory or actual damages for WPFO's infringement.

91.    BGP is entitled to an award of statutory damages against WPFO of at least $750 for each of the 50 Registered Images that WPFO copied (*i.e.*, at least $37,500), and up to a

maximum of $150,000 for each of the 50 Registered Images that WPFO copied (*i.e.*, up to $7,500,000) if the infringement is found to be willful based, for example, upon continued infringement after becoming aware of the alleged infringement and/or continued credit to WENN.com for the images and failure to properly credit the images only to Brittney Gobble.

**92.**     Alternatively, BGP is entitled to an award of actual damages against WPFO of at least $850 with respect to each of the 50 Registered Images that WPFO copied.  WPFO copied all 50 of the Registered Images twice (once in the thumbnail of 51 images and once in the enlarged views of each thumbnail) and also copied five of the Registered Images a third time, at the beginning of the article, for a total of 105 copies.  As such, BGP is entitled to an award of actual damages against WPFO of at least $89,250.

**93.**     Upon information and belief, at the time WPFO initially reproduced and displayed the Registered Images on its above-identified website, it credited only WENN or WENN.com for the images.  Upon information and belief, at some point thereafter, WPFO became aware of Mrs. Gobble's dispute with WENN about the images and/or false credit, and changed the credit on some but not all of the images from just WENN or WENN.com to also include "Brittney Gobble Photography" (*e.g.*, "Photo Credit: Brittney Gobble Photography via WENN.com") as shown for example in the enlarged versions of the images attached as Exhibit 18.  Those enlarged versions also show continued credit on some of the images to only WENN.com.  It was false to credit the images to WENN.com alone or in combination with Brittney Gobble Photography.  Upon information and belief, WPFO provided, distributed and/or imported this false credit with the intent to induce, enable, facilitate or conceal infringement in violation of 17 U.S.C. § 1202(a).

**94.**     BGP is entitled to an award of statutory damages of at least $2,500 and up to $25,000 for each instance of WPFO's falsification of copyright management information (*i.e.*,

false credit of the images) pursuant to 17 U.S.C. § 1203(c)(3)(B).  WPFO committed at least 52 false credit violations (51 on each of the enlarged images and once beneath the caption for Image 24 at the beginning of the article).  As such, BGP is entitled to an award of statutory CMI damages against WPFO of at least $130,000 and up to $1,300,000.

## WSYX

95.    After November 2, 2015, WSYX reproduced and displayed, without license or permission, at least 51 of BGP's copyrighted images on its www.abc6onyourside.com website. The copyrights for 50 of those 51 images are registered under the '214, '108, '115 and '117 Registrations.  WSYX is charged with direct copyright infringement with respect to those 50 images, which are identified in detail below.

96.    Attached hereto as Exhibit 19 is a true and correct copy of a number of screen shots taken in November 2017 from the web site identified in the preceding paragraph, the first page of which is the beginning of an article about the Lykoi cat breed dated November 10, 2015.  Five of BGP's copyrighted images are reproduced and displayed on the first page of Exhibit 19, namely Images 1, 2, 3, 4 and 24.  Upon clicking the "View Photo Gallery, 51 photos" link on that page, another page was displayed showing 51 thumbnails corresponding to Images 1-51.  Upon clicking each of those thumbnails, an enlarged view of the corresponding image was displayed on the screen.  Each of those 51 enlarged views is included as part of Exhibit 19.

97.    The enlarged views are copies of Images 1-51, with the understanding that the versions of Images 7, 13, 14, 15, 21, 22 and 34 are edited versions as explained above.  Fifty of the 51 images are Registered Images, *i.e.*, Images 1-25 and 27-51 (Image 26 is not registered). WSYX is liable for direct copyright infringement with respect to these 50 Registered Images.  BGP is entitled at least to statutory or actual damages for WSYX's infringement.

98.     BGP is entitled to an award of statutory damages against WSYX of at least $750 for each of the 50 Registered Images that WSYX copied (*i.e.*, at least $37,500), and up to a maximum of $150,000 for each of the 50 Registered Images that WSYX copied (*i.e.*, up to $7,500,000) if the infringement is found to be willful based, for example, upon continued infringement after becoming aware of the alleged infringement and/or continued credit to WENN.com for the images and failure to properly credit the images only to Brittney Gobble.

99.     Alternatively, BGP is entitled to an award of actual damages against WSYX of at least $850 with respect to each of the 50 Registered Images that WSYX copied.  WSYX copied all 50 of the Registered Images twice (once in the thumbnail of 51 images and once in the enlarged views of each thumbnail) and also copied five of the Registered Images a third time, at the beginning of the article, for a total of 105 copies.  As such, BGP is entitled to an award of actual damages against WSYX of at least $89,250.

100.     Upon information and belief, at the time WSYX initially reproduced and displayed the Registered Images on its above-identified website, it credited only WENN or WENN.com for the images.  Upon information and belief, at some point thereafter, WSYX became aware of Mrs. Gobble's dispute with WENN about the images and/or false credit, and changed the credit on some but not all of the images from just WENN or WENN.com to also include "Brittney Gobble Photography" (*e.g.*, "Photo Credit: Brittney Gobble Photography via WENN.com") as shown for example in the enlarged versions of the images attached as Exhibit 19.  Those enlarged versions also show continued credit on some of the images to only WENN.com.  It was false to credit the images to WENN.com alone or in combination with Brittney Gobble Photography.  Upon information and belief, WSYX provided, distributed and/or imported this false credit with the intent to induce, enable, facilitate or conceal infringement in violation of 17 U.S.C. § 1202(a).

**101.**    BGP is entitled to an award of statutory damages of at least $2,500 and up to $25,000 for each instance of WSYX's falsification of copyright management information (*i.e.*, false credit of the images) pursuant to 17 U.S.C. § 1203(c)(3)(B).  WSYX committed at least 52 false credit violations (51 on each of the enlarged images and once beneath the caption for Image 24 at the beginning of the article).  As such, BGP is entitled to an award of statutory CMI damages against WSYX of at least $130,000 and up to $1,300,000.

## WTTE

**102.**    After November 2, 2015, WTTE reproduced and displayed, without license or permission, at least 51 of BGP's copyrighted images on its www.myfox28columbus.com website.  The copyrights for 50 of those 51 images are registered under the '214, '108, '115 and '117 Registrations.  WTTE is charged with direct copyright infringement with respect to those 50 images, which are identified in detail below.

**103.**    Attached hereto as Exhibit 20 is a true and correct copy of a number of screen shots taken in October 2017 from the web site identified in the preceding paragraph, the first page of which is the beginning of an article about the Lykoi cat breed dated November 10, 2015.  Five of BGP's copyrighted images are reproduced and displayed on the first page of Exhibit 20, namely Images 1, 2, 3, 4 and 24.  Upon clicking the "View Photo Gallery, 51 photos" link on that page, another page was displayed showing 51 thumbnails corresponding to Images 1-51.  Upon clicking each of those thumbnails, an enlarged view of the corresponding image was displayed on the screen.  Each of those 51 enlarged views is included as part of Exhibit 20.

**104.**    The enlarged views are copies of Images 1-51, with the understanding that the versions of Images 7, 13, 14, 15, 21, 22 and 34 are edited versions as explained above.  Fifty of the 51 images are Registered Images, *i.e.*, Images 1-25 and 27-51 (Image 26 is not registered).

WTTE is liable for direct copyright infringement with respect to these 50 Registered Images. BGP is entitled at least to statutory or actual damages for WTTE's infringement.

105.    BGP is entitled to an award of statutory damages against WTTE of at least $750 for each of the 50 Registered Images that WTTE copied (*i.e.*, at least $37,500), and up to a maximum of $150,000 for each of the 50 Registered Images that WTTE copied (*i.e.*, up to $7,500,000) if the infringement is found to be willful based, for example, upon continued infringement after becoming aware of the alleged infringement and/or continued credit to WENN.com for the images and failure to properly credit the images only to Brittney Gobble.

106.    Alternatively, BGP is entitled to an award of actual damages against WTTE of at least $850 with respect to each of the 50 Registered Images that WTTE copied. WTTE copied all 50 of the Registered Images twice (once in the thumbnail of 51 images and once in the enlarged views of each thumbnail) and also copied five of the Registered Images a third time, at the beginning of the article, for a total of 105 copies. As such, BGP is entitled to an award of actual damages against WTTE of at least $89,250.

107.    Upon information and belief, at the time WTTE initially reproduced and displayed the Registered Images on its above-identified website, it credited only WENN or WENN.com for the images. Upon information and belief, at some point thereafter, WTTE became aware of Mrs. Gobble's dispute with WENN about the images and/or false credit, and changed the credit on some but not all of the images from just WENN or WENN.com to also include "Brittney Gobble Photography" (*e.g.*, "Photo Credit: Brittney Gobble Photography via WENN.com") as shown for example in the enlarged versions of the images attached as Exhibit 20. Those enlarged versions also show continued credit on some of the images to only WENN.com. It was false to credit the images to WENN.com alone or in combination with Brittney Gobble Photography. Upon

information and belief, WTTE provided, distributed and/or imported this false credit with the intent to induce, enable, facilitate or conceal infringement in violation of 17 U.S.C. § 1202(a).

108.    BGP is entitled to an award of statutory damages of at least $2,500 and up to $25,000 for each instance of WTTE's falsification of copyright management information (*i.e.*, false credit of the images) pursuant to 17 U.S.C. § 1203(c)(3)(B).  WTTE committed at least 52 false credit violations (51 on each of the enlarged images and once beneath the caption for Image 24 at the beginning of the article).  As such, BGP is entitled to an award of statutory CMI damages against WTTE of at least $130,000 and up to $1,300,000.

## COUNT I
### DIRECT COPYRIGHT INFRINGEMENT
### [17 U.S.C. §§ 501 *et seq.*]
### AGAINST ALL DEFENDANTS

109.    BGP repeats, realleges and incorporates herein by reference as though fully set forth herein, the allegations contained in the preceding paragraphs of this Complaint.

110.    Each Defendant operates in an industry where copyright is prevalent, including with respect to content displayed on its website and other content broadcast over the airwaves pursuant to its FCC license, such as radio and/or television programming and news content.  Upon information and belief, each Defendant has experience in handling copyright ownership in connection with its business.

111.    Each Defendant had access to all 55 of Plaintiff's images at issue herein directly or indirectly from WENN.

112.    Each Defendant reproduced, displayed and unlawfully copied at least 50 of the Registered Images, including but not limited to as evidenced by the attached Exhibits, and did so without authority, license or permission from Mrs. Gobble or BGP.

113.   The images that each Defendant reproduced, displayed and unlawfully copied, including on its respective website, are identical, virtually identical, strikingly similar or substantially similar to the Registered Images.

114.   None of the Defendants compensated BGP or Mrs. Gobble for its respective reproduction, display and unlawful copying of the Registered Images.

115.   Without authorization, each Defendant reproduced, displayed and unlawfully copied at least 50 of Plaintiff's Registered Images and thereby directly infringed the '108, '214, '115 and '117 Registrations and violated 17 U.S.C. § 501.

116.   Each Defendant's conduct violated exclusive rights owned by BGP, including at least the exclusive rights to reproduce and display under 17 U.S.C. § 106.

117.   By virtue of Defendants' wrongful acts complained of herein, each Defendant infringed at least BGP's right to authorize the reproduction and display of the Registered Images that were wrongfully distributed by WENN.

118.   As a direct and proximate result of its wrongful conduct, each Defendant realized benefits rightfully belonging to BGP related to the Registered Images.  BGP is entitled to an award of actual damages and profits against WENN, plus attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(b) and 505.  BGP's claim for actual damages includes, but is not limited to, the amounts for actual damages specified above.

119.   In the alternative, BGP is entitled to statutory damages against each Defendant for its respective wrongful conduct, plus attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.  BGP's claim for statutory damages includes, but is not limited to, the amounts for statutory damages specified above.

**120.** Since each Defendant's acts of infringement of the copyrights in each of the Registered Images were willful and deliberate after notice of Mrs. Gobble's rights, BGP is entitled to the recovery of maximum statutory damages against each Defendant, plus attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(2) and 505.

**121.** As a consequence of the infringement complained of herein, BGP has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless each Defendant is enjoined by this Court from committing further acts of infringement, for which BGP has no adequate remedy at law.

**COUNT II**
**FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION**
**[17 U.S.C. § 1202(a)]**
**AGAINST ALL DEFENDANTS**

**122.** BGP repeats, realleges and incorporates herein by reference as though fully set forth herein, the allegations contained in the preceding paragraphs of this Complaint.

**123.** Brittney Gobble is the original creator and author of the above-identified 55 images.

**124.** As a significant portion of each Defendant's business revolves around photographs, news and video content, and other copyrightable material, each Defendant is well versed in the importance of copyrights in photographs and in the meaning and importance regarding who should be given credit with respect to images or other copyrightable subject matter.

**125.** Upon information and belief, after its initial reproduction and display of Plaintiff's images, each Defendant learned of a dispute about credit for the images, yet continued to improperly credit the images, in whole or in part, to WENN or WENN.com, instead of crediting only Mrs. Gobble for the images.

126.    The credit given for the copyrighted images as "WENN," "WENN.com" and/or "Brittney Gobble Photography via WENN.com" is "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c).

127.    The credit given for the copyrighted images as "WENN" or "WENN.com" is false.

128.    The credit given for the copyrighted images as "Brittney Gobble Photography via WENN.com" is false.

129.    Upon information and belief, each Defendant knowingly provided, distributed and/or imported false copyright management information in violation of 17 U.S.C. § 1202(a).

130.    The false copyright management information provided, distributed and/or imported for distribution by Defendants was accessible from computers within the United States.

131.    Upon information and belief, each Defendant provided, distributed and/or imported for distribution false copyright management information with the intent to induce, enable, facilitate or conceal infringement in violation of 17 U.S.C. § 1202(a).

132.    Each Defendant's acts of providing, distributing and/or importing for distribution false copyright management information have caused damage to BGP, and BGP is entitled to recover from each Defendant its actual damages and each Defendant's profits or statutory damages, plus attorneys' fees and costs, as provided by 17 U.S.C. § 1203(b).

133.    BGP is entitled to recover an award of statutory damages for each of Defendants' numerous violations of 17 U.S.C. § 1202(a), including but not limited to those evidenced by the attached Exhibits, in a sum of not less than $2,500 or more than $25,000 per violation pursuant to 17 U.S.C. § 1203(c)(3)(B), plus attorneys' fees and costs, as provided by 17 U.S.C. § 1203(b). BGP's claim for statutory damages includes, but is not limited to, the amounts for statutory damages specified above.

**PRAYER FOR RELIEF**

**WHEREFORE,** BGP prays that:

**A.**     The Court render a final judgment in favor of BGP and against each Defendant on all claims for relief alleged herein;

**B.**     The Court render a final judgment that each Defendant has violated the provisions of 17 U.S.C. §§ 101 *et seq.* by infringing BGP's copyrights that are the subject of United States Copyright Registration Nos. VA 1-976-214, VA 1-987-108, VA 2-031-115 and VA 2-031-117;

**C.**     The Court render a final judgment that each Defendant's acts of copyright infringement were done willfully;

**D.**     The Court render a final judgment awarding BGP: (1) actual damages and profits against each Defendant, plus attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(b) and 505; or alternatively (2) statutory damages against each Defendant for its wrongful conduct, plus attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505; or alternatively (3) in light of each Defendant's willful conduct, maximum statutory damages against each Defendant, plus attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(2) and 505;

**E.**     The Court render a final judgment that each Defendant has committed numerous violations of the provisions of 17 U.S.C. § 1202(a) by knowingly providing, distributing and/or importing for distribution false copyright management information, such number of violations to include at least those identified hereinabove, and to be determined according to proof;

**F.**     The Court render a final judgment awarding BGP: (1) actual damages and each Defendant's profits against each Defendant, plus attorneys' fees and costs, pursuant to 17 U.S.C. § 1203(b); or alternatively, (2) statutory damages against each Defendant for each of Defendants' numerous violations of 17 U.S.C. § 1202(a) in a sum of not less than $2,500 or more than $25,000

per violation pursuant to 17 U.S.C. § 1203(c)(3)(B), plus attorneys' fees and costs, pursuant to 17 U.S.C. § 1203(b);

  **G.**  The Court render a final judgment ordering each Defendant to pay over to BGP all damages that BGP has sustained as a consequence of the acts complained of herein, subject to proof at trial;

  **H.**  The Court grant BGP injunctive relief, pursuant to 17 U.S.C. §§ 502, 503 and 1203(b) and the Court's inherent authority, preliminarily and permanently enjoining each Defendant and its respective agents, servants, officers, directors, owners, representatives, employees, successors, assigns and all other persons in active concert or participation with any of them from committing further acts of copyright infringement and falsification of copyright management information as complained of herein; and further ordering them to remove all of Plaintiff's images from their respective websites and remove all electronic copies of the images from all of their respective archives, databases, computers and any other storage devices, including all backup storage devices and media, and destroy all papers copies of and/or including the images, and to certify under oath to BGP that such removal and destruction has been completed;

  **I.**  BGP be granted pre-judgment and post-judgment interest on the damages caused to it by reason of each Defendant's wrongful acts complained of herein;

  **J.**  BGP be granted its reasonable attorneys' fees pursuant to 17 U.S.C. §§ 505 and 1203, and all other applicable law;

  **K.**  Costs be awarded to BGP; and,

  **L.**  BGP be granted such other and further relief as the Court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

BGP hereby demands trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

Respectfully submitted,

Dated:  October 31, 2018        By: _/s/      C. Justin Brown_
                                          C. Justin Brown
                                          Maryland State Bar No. 28110
                                          Brown Law Firm
                                          1 N. Charles St., Suite 1301
                                          Baltimore, Maryland 21201
                                          Telephone: (410) 244-5444
                                          Facsimile: (410) 934-3208

C. Dale Quisenberry (to be admitted *pro hac vice*)
Texas State Bar No. 24005040
dquisenberry@pqelaw.com
John T. Polasek (to be admitted *pro hac vice*)
State Bar. No. 16088590
tpolasek@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 995
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

ATTORNEYS FOR PLAINTIFF
BRITTNEY GOBBLE PHOTOGRAPHY, LLC